**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **MARQUIS COVE, LLC and STAR RESIDENTIAL,** | |
| **Plaintiffs,** | |
| **v.** | **1:14-cv-2100-WSD** |
| **MONIQUE GADSON,** | |
| **Defendant.** | |

## OPINION AND ORDER

This matter is before the Court on Defendant Monique Gadson's ("Defendant" or "Gadson") Application to Proceed *In Forma Pauperis* ("IFP Application") [1] and her Notice of Removal [1.1].

## I.    BACKGROUND

On June 12, 2014, Plaintiffs Marquis Cove, LLC and Star Residential (together, "Plaintiffs") initiated a dispossessory proceeding ("Complaint") against Defendant in the Magistrate Court of Clayton County, Georgia.[1]  (Notice of Removal at 4).  The Complaint seeks possession of premises currently occupied by Defendant, past due rent, fees, costs and expenses totaling $2,328.80, and rent accruing up to the date of judgment or vacancy at a rate of $16.63 per day.

---

[1]      No. 2014CM11123.

On July 2, 2014, Defendant, proceeding *pro se*, removed the Clayton County action to this Court by filing her Notice of Removal and IFP Application. Defendant claims in her Notice of Removal that "Respondent" violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and Rule 60 of the Federal Rules of Civil Procedure "having a legal duty to abort eviction pursuant to O.C.G.A. 51-1-6 [sic]," and the Due Process Clause of the Fourteenth Amendment. (Notice of Removal at 2).

## II.   DISCUSSION

### A.   IFP Application

The Court "may authorize the commencement . . . of any suit, action, or proceeding . . . without payment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[2] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The purpose is to provide indigent litigants with equal access to the judicial system. Attwood v. Singletary, 105 F.3d 610, 612 (11th Cir. 1997). A litigant seeking to proceed *in forma pauperis* ("IFP") must therefore show an inability to prepay fees and costs without foregoing the basic

---

[2]   The word "prisoner" is a typographical error, and the affidavit requirement applies to all individuals seeking to proceed *in forma pauperis*. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

necessities of life.  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342-43 (1948).

After consideration of Defendant's IFP Application, the Court finds that Defendant meets the financial requirements for IFP status and grants her request to proceed IFP pursuant to 28 U.S.C. § 1915(a).

B.    Subject Matter Jurisdiction

The Eleventh Circuit has consistently held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."  Id.

Congress has provided that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."  28 U.S.C. § 1441(a).  Removal in this case appears to be based on federal-question jurisdiction, which extends to "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-

3

pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Thus, a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction.  Vaden v. Discover Bank, 556 U.S. 49, 59-61 (2009).

Plaintiffs' Complaint is a dispossessory warrant which is based solely on state law.  No federal question is presented on the face of Plaintiffs' Complaint. That Defendant asserts defenses or counterclaims based on federal law cannot confer federal subject-matter jurisdiction over this action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  Removal is not proper based on federal-question jurisdiction.

The Court's jurisdiction in this action also cannot be based on diversity of citizenship, which extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." 28 U.S.C. § 1332(a)(1), (2).  It appears that the parties are both Georgia citizens, and even if diversity did exist, Defendant fails to show that the amount-in-controversy exceeds $75,000.00.  The Court must look only to Plaintiffs' claim to determine if the amount-in-controversy requirement is satisfied.  See, e.g.,

Novastar Mortg. Inc. v. Bennett, 173 F.Supp.2d 1358, 1361 (N.D. Ga. 2001), aff'd,

35 F. App'x 585 (11th Cir. 2002).  The Complaint here seeks possession of

property Defendant currently possesses and past due rent, costs and fees totaling

$2,328.80.  The amount-in-controversy requirement is not satisfied and removal is

not proper based on diversity of citizenship.  See Fed. Home Loan Mortg. Corp. v.

Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2

(N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not

an ownership dispute, but rather only a dispute over the limited right to possession,

title to property is not at issue and, accordingly, the removing Defendant may not

rely on the value of the property as a whole to satisfy the amount in controversy

requirement.").  The Court thus lacks subject-matter jurisdiction and this action is

required to be remanded to state court.  See 28 U.S.C. § 1447(c) ("If at any time

before final judgment it appears that the district court lacks subject matter

jurisdiction, the case shall be remanded."). [3, 4]

---

[3]     The Court notes that Defendant, on her Civil Cover Sheet but not in her
Notice of Removal, indicates that federal jurisdiction in this action is based on
Plaintiffs', and Defendant's, status as U.S. Government entities [1.2].  Defendant
has not alleged in her Notice of Removal that she, or Plaintiffs, are officers or
agencies of the federal government and it appears instead that Plaintiffs are private
companies and Defendant is a private citizen.
[4]     Even if the Court had subject-matter jurisdiction, the Court is unable to grant
Defendant the relief she seeks—a stay of state court eviction proceedings—

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Monique Gadson's IFP

Application [1] is **GRANTED** solely for the purpose of remand.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the

Magistrate Court of Clayton County, Georgia.

**SO ORDERED** this 2nd day of July, 2014.

_William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

because a federal court is prohibited under the Anti-Injunction Act, 28 U.S.C.
§ 2283, from enjoining a state court eviction proceeding.